# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LILLIAN C. LUCERO,

      Plaintiff,

vs.                                                                     No. CIV 99-644 JP/LCS

**KENNETH S. APFEL**, Commissioner,
**Social Security Administration,**

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing *(Doc. 11)*, filed December 1, 1999. The United States Magistrate Judge, having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, finds that the motion is not well-taken and recommends that it be DENIED.

**Proposed Findings**

1.      Plaintiff Lillian Lucero ("Lucero") filed an application for disability insurance benefits with the Social Security Administration on July 23, 1996. In that application, Plaintiff alleged that she suffered from a disabling condition due to rheumatoid arthritis. *See* Record at 94. Lucero claims the her rheumatoid arthritis first bothered her in January 1995, and that she became disabled from it on September 1, 1995. *See id.* Lucero's initial claim was disapproved on September 24, 1996. *See* Record at 64. Lucero made a timely request for reconsideration, and the denial of her claim was upheld on January 15, 1997. *See* Record at 70. Lucero appealed this

1

denial and requested a hearing before an administrative law judge. *See* Record at 73.

2. The Commissioner's administrative law judge (ALJ) conducted a hearing on Lucero's application on November 19, 1997. *See* Record at 23. The ALJ likewise denied the application, finding that the Plaintiff was not disabled at step 4 of the sequential analysis set out in 20 C.F.R. § 404.1520(a)-(f) and *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993). The ALJ found that Lucero could return to her past relevant work as an office helper on or before December 31, 1995, and was therefore not disabled. *See* Record at 16.

3. In the process of reaching step 4 of the analysis, the ALJ concluded that Lucero met the disability-insured status requirement of the Social Security Act only through December 31, 1995. Therefore, Lucero must establish disability on or before that date. The ALJ also concluded that Lucero had not engaged in post-onset substantial gainful activity since September 1, 1995 (Step 1), has a severe impairment or combination of impairments consisting of rheumatoid arthritis and inflammatory polyarthropathies (Step 2), and that Lucero's disorders did not meet or equal in severity any of the disorders listed in the Listing of Impairments contained in Appendix 1 to 20 C.F.R. Part 404, Subpart P. ("Listing of Impairments") (Step 3). *See* Record at 10. Neither party challenges the ALJ's findings at step 1 or step 2, or that Lucero was insured only through December 31, 1995. Plaintiff challenges the ALJ's findings at steps 3 and 4.

4. The Court's scope of review is limited to whether the ALJ's decision is supported by substantial evidence and whether the ALJ applied the correct legal standards. *See Hamilton v. Secretary of Health and Human Svcs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." *Andrade v. Secretary of Health and Human Svcs.*, 985 F.2d 1045, 1047 (10th Cir. 1993) (quoting

*Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir. 1983) (citation omitted)).

5. The ALJ's conclusion that Lucero's condition did not meet or equal the criteria in the Listing of Impairments is adequately supported by substantial evidence on the record. Ms. Lucero's rheumatoid arthritis would be covered by paragraph 1.02 of the Listing of Impairments, if at all. Paragraph 1.02 requires Plaintiff to meet both of the "A" and "B" criteria listed below:

> A. History of persistent joint pain, swelling, and tenderness involving multiple major joints (see 1.00D) and with signs of joint inflammation (swelling and tenderness) on current physical examination despite prescribed therapy for at least 3 months, resulting in significant restriction of function of the affected joints, and clinical activity expected to last at least 12 months; and
>
> B. Corroboration of diagnosis at some point in time by either:
>
> 1. Positive serologic test for rheumatoid factor; or
>
> 2. Antinuclear antibodies; or
>
> 3. Elevated sedimentation rate; or
>
> 4. Characteristic histologic changes in biopsy of synovial membranes or subcutaneous nodule (obtained independent of Social Security disability evaluation).

There is evidence on the record of an elevated sedimentation rate that could meet the "B" criteria, *see* Record at 126, 139, 158. However, the evidence on the record does not indicate that Plaintiff meets the "A" criteria. Plaintiff began receiving treatment for rheumatoid arthritis by Dr. Farrell in June, 1995 and began Methotrexate treatment in July, 1995. *See* Record at 139-42. As the ALJ noted, Plaintiff responded well to treatment in the fall of 1995, with no edema by November, 1995 (Record at 136), and significant improvement by January 8, 1996. *See* Record at 135. The record reveals an arthritis flare in September 1995 after Ms. Lucero took a long trip, but there is no other evidence that the arthritis caused a significant restriction of function of the affected joints

for three months despite prescribed therapy or that her disability was expected to last for a continuous period of at least twelve months. *See* Record at 135-42. The record thus fully supports the conclusion of the state agency medical consultant, Dr. Romanick, that Plaintiff does not meet Paragraph 1.02 because she did not demonstrate clinical activity lasting for three months despite treatment and expected to last for at least twelve months. *See* Record at 108.

  6. Plaintiff argues that the ALJ should have called a medical expert to make the determination of whether Ms. Lucero meets or equals paragraph 1.02. As noted above, the record already contains a review of the medical evidence by Dr. Romanick, plus detailed records from Plaintiff's treating physicians during the relevant period. In view of the fact that Ms. Lucero's insured status expired on December 31, 1995, the utility of a consultative expert evaluation in 1997 would appear minimal. I recommend finding that the ALJ adequately developed the record to conclude that Plaintiff did not meet or equal the criteria in the Listing of Impairments.

  7. At step four in the sequential evaluation, Plaintiff has the burden to prove that she cannot return to work at her previous occupation. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). In this case, Plaintiff must establish that she could not perform the tasks of her previous employment no later than December 31, 1995 when her insured status expired.

  8. Plaintiff claims that the ALJ failed to develop the record adequately because there was no residual functional capacity (RFC) assessment from an examining physician. Although there is no RFC assessment from an examining physician, the record does contain an RFC assessment from Dr. Romanick, the state agency consulting physician who reviewed the documents in the record in September, 1996, that Plaintiff could perform light work. *See* Record

4

at 108. In particular, the record at that time contained a Physical Daily Activities Questionnaire completed by Plaintiff on August 24, 1996. *See* Record at 102-07. In that questionnaire, Plaintiff admits that she can perform housework, do her own shopping, walk from one block to a half mile at a time, and can perform manipulative functions such as pick up a pencil, write a letter, button clothes, tie shoes, etc. *See id.* Even though Plaintiff may take longer to perform these activities, nonetheless there is evidence on the record from Plaintiff herself that she has the residual functional capacity to accomplish these tasks. Therefore, there is substantial evidence from which a consultative, non-examining expert could derive a reliable RFC for Plaintiff as of December 31, 1995.

9. In addition to Dr. Romanick's assessment, the ALJ also relied on the testimony of the vocational expert present at the November 1997 hearing, Kevin Davis. The ALJ asked Mr. Davis a series of hypothetical questions consistent with Plaintiff's testimony as to her abilities and the evidence in the record. *See* Record at 53-57. The vocational expert testified that a hypothetical individual with all of the limitations that Plaintiff alleged, except for the requirements that she must be absent two or three days a week and must lie down for an hour in the morning and an hour in the afternoon, could perform Plaintiff's previous job of office helper. *See id.*

10. Plaintiff does not dispute the fact that her previous job of office helper is classified as "sedentary," but instead argues that the ALJ made no finding concerning the manipulative requirements of the job of office helper. The Record contains the vocational expert's finding that the job of office helper is a semi-skilled job with sedentary physical demand, and it also contains the vocational expert's testimony that an individual with the manipulative limitations that Plaintiff alleges could perform that job. *See* Record at 123, 55. Thus, the ALJ's findings are supported by

substantial evidence and adequately support the conclusion that Plaintiff's previous job contains no manipulative requirements that she could not perform.

11. The ALJ did not find credible Plaintiff's claims that she could not work two or three days a week and that she must rest for an hour in the morning and an hour in the afternoon. *See* Record at 11-15. The ALJ pointed out contradictions between Plaintiff's reports to her physicians and her physical daily activities questionnaire on the one hand, and her lengthy four page handwritten letter and testimony to the Social Security Administration in which she claims to be virtually incapacitated on the other hand. *See id.* The ALJ adequately supported his credibility assessment with substantial evidence on the record in which Plaintiff impeached herself, and I must give deference to it. *See Campbell v. Bowen*, 822 F.2d 1518, 1522 (10th Cir. 1987).

12. Because the ALJ's finding at step four that Plaintiff could perform her past job as an office helper as of December 31, 1995 is supported by substantial evidence, I propose finding that Plaintiff was not disabled according to Social Security Administration guidelines as of that date.

## Recommended Disposition

The ALJ applied the correct legal standards and his decision is supported by substantial evidence. I recommend that Plaintiff's motion be denied, the decision of the ALJ be affirmed, and this case dismissed. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may file with the Clerk of the District Court written objections to

such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

F:\aaSS Orders\99-644 pfd.wpd